UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

EDGARDO RAMOS,

                Defendant.

22-CV-6076 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 28 U.S.C. § 1331, 42 U.S.C. §1983, 28 U.S.C. §§ 2201, 2201, and the First and Fourteenth Amendments to the U.S. Constitution, alleging that the Honorable Edgardo Ramos, of this court, committed crimes against Plaintiff. By order dated July 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Towaki Komatsu has brought numerous actions in this court, including many actions in which he alleges that he was unlawfully excluded from participating in public meetings in the City of New York. *See, e.g., Komatsu v. The City of New York*, ECF 1:20-CV-7046 (S.D.N.Y.) (lead case of nine related actions bringing claims for exclusion from public meetings). Since December 20, 2020, Plaintiff has been subject to a prefiling injunction requiring him to seek permission to file "any new action in this Court against the City of New York, city

officials, and members of the NYPD regarding their alleged involvement in preventing him from attending public meetings with the Mayor." *Id.* (ECF 45).[1]

A review of court dockets also shows that, since 2020, Mr. Komatsu has filed meritless, nonparty requests – usually motions to intervene under Federal Rule of Civil Procedure 24 – in at least thirteen cases. Various judges of this court have denied his motions. *See, e.g., Nat'l Coal. on Black Civic Participation v. Wohl*, ECF 1:20-CV-8668, 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, ECF 1:21-CV-322, 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, ECF 1:20-CV-8964, 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, ECF 1:20-CV-5746, 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, ECF 1:20-CV-5441, 108 (S.D.N.Y. Aug. 13, 2020). In addition, Plaintiff filed a request to intervene in *Butler, et al., v. City of New York*, ECF 1:15-CV-3783 (S.D.N.Y.), and on August 10, 2021, the Honorable Valerie Caproni, of this court, denied that request. *Id.* at ECF No. 125. Further, on September 2, 2021, Judge Caproni enjoined Plaintiff from filing any documents in cases to which he is not a party unless he first files a one-page, double-spaced declaration stating his legal interest in the matter and why he should be permitted to move to intervene. *See id.* at ECF No. 146.

Plaintiff brings this new action alleging that Judge Ramos "is a corrupt U.S. district judge who has imposed an unofficial and illegal stay of proceedings in [*Komatsu v. The City of New York*, ECF 1:20-CV-7046] since roughly 2/17/22 in flagrant violation of my First and Fourteenth Amendment rights as well as other applicable laws and prevailing legal standards." (ECF No. 2 at 12.) Plaintiff further alleges that Judge Ramos has "engaged in illegal extrajudicial behavior

---

[1] The filing restriction states the following: "If the Court grants Plaintiff permission to file a new action, the complaint in that new action must not exceed 25 pages." *Komatsu*, 1:20-CV-07046, 45.

3

with no immunity on 1/5/21 when he issued an order (Dkt. 62) in [*Komatsu v. The City of New York*, ECF 1:20-CV-7046] that caused my complaint in [*Komatsu v. City of New York*, ECF 1:20-CV-10942, 321 (S.D.N.Y. June 17, 2022)] to be struck." (*Id.* at 15.)

Plaintiff brings this action seeking to have "this Court impose severe sanctions against [Judge Ramos] for having clearly and illegally done the following against me without immunity and jurisdiction as a judge:

  a. Acted in bad faith, vexatiously, wantonly, and for oppressive reasons.

  b. Defiled the imaginary temple of justice.

  c. Shown bad faith by illegally **a)** delaying and disrupting [*Komatsu v. City of New York*, ECF 1:20-CV-10942] and **b)** blocking enforcement of [Judge Schofield's] 5/13/20 and 7/13/20 orders in [*Komatsu v. City of New York*, ECF 1:18-CV-3698, 627 (S.D.N.Y. Sept. 27, 2021)]."

(*Id.* at 18.).

Plaintiff asserts that the December 15, 2020, filing restriction that Judge Ramos imposed on him

> illegally and pretextually has blocked me from being able to exercise my First and Fourteenth Amendment right to commence new federal court civil actions without requesting prior approval to do so partly about illegal acts and omissions that were committed against me in relation to public meetings that Bill de Blasio attended and to do so without page limits for those complaints.

(*Id.* at 37.) Plaintiff therefore brings this action seeking to have the Court remove the existing filing restrictions imposed. He also seeks to have *Komatsu v. The City of New York*, ECF 1:20-CV-7046 reassigned to another judge.

## DISCUSSION

**A.      Judicial Immunity**

Plaintiff's claims against Judge Edgardo Ramos must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that Judge Ramos acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Instead, he seems to disagree with an order that Judge Ramos issued in relation to the pending matter before him. Because Plaintiff sues Judge Ramos for "acts arising out of, or related to, individual

5

cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims Judge Ramos under the doctrine of judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii) and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the doctrine of judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii) and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's requests for declaratory relief are denied as moot. Plaintiff's request for permission to move for partial summary judgment, (ECF No. 4), is denied as moot. All filing restrictions remain in full force and effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

  The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: August 15, 2022
    New York, New York

               /s/ Laura Taylor Swain
               LAURA TAYLOR SWAIN
               Chief United States District Judge