UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWAKI KOMATSU,

                Plaintiff,

-against-

EDGARDO RAMOS,

                Defendant.

22-CV-6076 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*, and the Court granted him leave to proceed *in forma pauperis* (IFP). On August 15, 2022, the Court dismissed the action under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii) and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). Additionally, the Court denied as moot Plaintiff's requests for declaratory relief and for permission to move for partial summary judgment. The Court also advised Plaintiff that all filing restrictions remain in full force and effect. On August 16, 2022, Plaintiff filed a notice of appeal, and on August 24, 2022, Plaintiff filed a letter requesting that the court modify or vacate its August 16, 2022, order.[1]

    The Court construes Plaintiff's letter as a motion under Fed. R. Civ. P. 59(e) to alter or amend a judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See*

---

[1] Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that, if a plaintiff files a Rule 59 or Rule 60 motion within 28 days after entry of judgment, a notice of appeal does not become effective until the district court disposes of the motion, even if the notice of appeal was filed first. *See* Fed. R. App. P. 4(a)(4)(B)(i). The Court therefore has jurisdiction to consider Plaintiff's motion.

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Instead, Plaintiff writes,

> The preceding information confirms that you need to stop playing games with me and modify your 8/15/22 dismissal order by allowing my fee waiver status in this case to cover my appeal about its dismissal. If there were a real chance that you

> would change your mind about your 8/15/22 dismissal order by properly vacating it in its entirety, then I would withdraw my appeal about that.

(ECF No. 8 at 3-4.) Plaintiff's letter does not demonstrate that reconsideration of the Court's legal decision is warranted. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances

exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 8) is denied.

Plaintiff's case in this court under Docket No. 22-CV-6076 is closed. No further documents will be accepted in this case except for those directed to the Second Circuit. Plaintiff is free to proceed with his appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 25, 2022
         New York, New York

                                                             /s/ Laura Taylor Swain
                                                             LAURA TAYLOR SWAIN
                                                         Chief United States District Judge